**Joshua A. Mize, Esq.**
Florida Bar No.: 0086163
(admitted *pro hac vice*)
jmize@mmmlaw.com
**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W. Suite 600
Washington, D.C. 20005
Phone:  (202) 971-4085
Fax:  (202) 408-5146

**Adam Birk** *(associated counsel)*
Nevada Bar. No 12557
adam@longokura.com
**LONG OKURA, P.C.**
8275 S. Eastern Ave., Ste. 200-916
Las Vegas, NV 89123-2545
Office (775) 299-0117
Fax (800) 568-7083

*Attorneys for the Defendant,*
*Sterling Jewelers Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**EVA M. SMITH**

        **Plaintiff,**         CV No.: 2:15-cv-02457-JAD-NJK

v.

**STERLING JEWELERS, INC.**
**d/b/a Kay Jewelers, NISSAN MOTOR**
**ACCEPTANCE, and EXPERIAN**
**INFORMATION SOLUTIONS, INC.**

        **Defendants.**
_____/

**UNOPPOSED MOTION TO EXTEND TIME**
**TO RESPOND TO THE AMENDED COMPLAINT**
**(FIRST REQUEST)**

1

Defendant, Sterling Jewelers Inc. ("Sterling"), by and through undersigned counsel and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby files this Unopposed Motion to Extend Time to Respond to the Amended Complaint, and states:

1. The Plaintiff filed her Amended Complaint in this action on January 14, 2016. See Dkt. No. 6. The Amended Complaint joined Sterling as a defendant in this action for the first time.[1]

2. The Plaintiff provided Sterling with a request to waive service of process in this action on January 25, 2016, which Sterling executed. Thus, Sterling's deadline to respond to the Amended Complaint is March 25, 2016.

3. Sterling's counsel has informed the Plaintiff's counsel that the allegations in the Amended Complaint pertaining to Sterling are not accurate and that, as a result, the Plaintiff's claims against Sterling should be dismissed as without merit.

4. Specifically, the Amended Complaint asserts that Defendant Experian Information Solutions, Inc. ("Experian") notified Sterling of the Plaintiff's credit report dispute that is the subject of the Amended Complaint, but that Sterling failed to conduct a reasonable investigation of the dispute and to correct alleged errors. See Amd. Compl. at ¶¶ 37-44. Sterling's counsel informed the Plaintiff's counsel that Experian did not provide Sterling with notice of the Plaintiff's credit report dispute. If Sterling did not receive notice of the Plaintiff's dispute from Experian, Sterling cannot be held liable for violating the Fair Credit Reporting Act based on a failure to properly investigate the dispute. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009)

---

[1] The original Complaint purported to sue "Kay Jewelers", which is not an existing business entity. "Kay Jewelers" is a tradename under which Sterling Jewelers Inc. conducts business.

(stating that a furnisher's duty to investigate a consumer's credit report dispute is "triggered 'upon notice of dispute'—that is, when a person who furnished information to a [consumer reporting agency] receives notice from the [consumer reporting agency] that the consumer disputes the information….These duties arise only after the furnisher receives notice of [the] dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties" to conduct an investigation);

5. On February 2, 2016, the Plaintiff's counsel served Requests for Admissions, Interrogatories, and Requests for Production of Documents on Experian. Pursuant to an agreement between counsel for Plaintiff and Experian, Experian's deadline to respond to the Plaintiff's discovery requests is April 4, 2016.

6. In response to Sterling's representation that the Plaintiff's allegations as to Sterling are not accurate, Plaintiff's counsel informed Sterling's counsel that before dismissing Sterling from the case, Plaintiff's counsel would like to review Experian's discovery responses and confirm that Experian does not have record of providing notice of the Plaintiff's dispute to Sterling.

7. Sterling believes that Experian's discovery responses will confirm that Experian did not provide notice of the Plaintiff's credit report dispute to Sterling and that, accordingly, the Plaintiff's claims against Sterling should be dismissed as without merit.

8. Given the impending discovery responses from Experian and the likelihood that the Plaintiff and Sterling will be able to agree that the Plaintiff's claims should be dismissed as to Sterling, Sterling respectfully requests that it not be required to

file a response to the Amended Complaint pending the Plaintiff's review of Experian's discovery responses.

9. Accordingly, Sterling files this motion and respectfully requests that the Court enter an Order extending Sterling's deadline to respond to the Amended Complaint until April 25, 2016. Sterling anticipates that this deadline will provide sufficient time for the Plaintiff to receive and review Experian's discovery responses and, if the parties cannot come to an agreement for the dismissal of the Plaintiff's claims against Sterling, for Sterling to then prepare its response to the Amended Complaint.

10. Undersigned counsel conferred with counsel for the Plaintiff regarding the relief sought in this motion. The Plaintiff consents to entry of an Order granting the relief sought in this motion.

WHEREFORE, Defendant Sterling Jewelers Inc. respectfully requests that the Court enter an Order extending the deadline for Sterling to respond to the Amended Complaint until April 25, 2016, and granting any other further relief this Court deems just and proper.

DATED: March 17, 2016.                                  Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No.: 0086163
(admitted *pro hac vice*)
jmize@mmmlaw.com
**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W. Suite 600
Washington, D.C. 20005
Phone: (202) 971-4085
Fax: (202) 408-5146

and

**Adam Birk** *(associated counsel)*
Nevada Bar. No 12557

4

adam@longokura.com
**LONG OKURA, P.C.**
8275 S. Eastern Ave., Ste. 200-916
Las Vegas, NV 89123-2545
Office (775) 299-0117
Fax (800) 568-7083

*Attorneys for the Defendant,*
*Sterling Jewelers Inc.*

IT IS SO ORDERED:

DATED: March 18, 2016

_____
United States Magistrate Judge

5